# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# COLUMBIA DIVISION

| | |
|---|---|
| Stuart Pound and Chelly Pound, ) | Civil Action No.: 3:20-cv-02097-JMC |
| ) | |
| Plaintiffs, ) | |
| v. ) | |
| ) | **ORDER AND OPINION** |
| Wilcox Marketing, Inc., ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

Plaintiffs Stuart Pound and Chelly Pound (together the "Pounds") filed the instant action seeking monetary damages as a result of injuries Stuart Pound sustained from a motor vehicle accident involving an employee of Defendant Wilcox Marketing, Inc. (ECF No. 1.)

This matter is before the court on Wilcox Marketing's Motion for Summary Judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure (ECF No. 23). Specifically, Wilcox Marketing asserts that summary judgment is appropriate because "there is no evidence supporting Plaintiff's" entitlement to "(1) any damages related to mental injuries; and (2) lost income/wages." (*Id.* at 1.) Stuart Pound partly opposes the Motion arguing that (1) he is not "making a claim for lost income," but "the record contains sufficient evidence from which a jury could find [mental and emotional] damages caused by this high[-]speed wreck." (ECF No. 25 at 1, 7.) For the reasons set forth below, the court **GRANTS IN PART** and **DENIES IN PART** Wilcox Marketing's Motion for Summary Judgment. (ECF No. 23.)

### I.     RELEVANT BACKGROUND TO PENDING MOTION

Undisputedly, on January 28, 2019, Stuart Pound and Wilcox Marketing's employee, Glen Brown, were involved in a motor vehicle accident on Highway 321 in Gaston, South Carolina.

1

Although he does not have any recollection of the accident (*see* ECF No. 23-2 at 7/18:3–8/21:17[1]), Stuart Pound claims that "Brown disregarded a red traffic light, plowed through the intersection, and collided with Mr. Pound's vehicle." (ECF No. 1 at 2 ¶ 7.) Pound further alleges that Brown was negligent, through his acts and omissions, in operating the vehicle and was the direct and proximate cause of Pound's injuries and damages. (*Id.* at 3 ¶ 10.)

On June 3, 2020, the Pounds filed this action against Wilcox Marketing asserting state law claims for negligence and loss of consortium. (*See* ECF No. 1 at 2 ¶ 9–3 ¶ 10.) On July 9, 2020, Wilcox Marketing answered the Complaint generally objecting to its allegations. (ECF No. 6.) Chelly Pound then stipulated to the dismissal of her claim for loss of consortium on March 16, 2021. (*See* ECF No. 20.) Thereafter, on April 6, 2021, Wilcox Marketing filed the pending Motion for Summary Judgment, to which Pound responded in partial opposition on April 20, 2021, and June 22, 2021. (*See* ECF Nos. 23, 25, 32.)

## II.     JURISDICTION

The court has jurisdiction over this matter pursuant to 28 U.S.C. § 1332, as the parties are diverse in citizenship and the amount in controversy exceeds $75,000.00, exclusive of interest and costs. Pound is "a citizen and resident of Lexington County, South Carolina" and Wilcox Marketing is "a North Carolina corporation with a principal place of business in Wilkesboro, North Carolina." (ECF No. 1 at 1 ¶¶ 1, 3.) Plaintiff has maintained throughout the action that the amount in controversy exceeds $75,000.00. (*See id.* ¶ 4.)

## III.    LEGAL STANDARD

Summary judgment should be granted "if the movant shows that there is no genuine dispute

---

[1] Wilcox Marketing submitted a condensed transcript on the electronic docket, with 4 pages of testimony on each page. For citation purposes, the number before the slash is the ECF page number and the number after the slash is the transcript page number.

as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A fact is "material" if proof of its existence or non-existence would affect the disposition of the case under the applicable law. *Anderson v. Liberty Lobby Inc.*, 477 U.S. 242, 248–49 (1986). A genuine question of material fact exists where, after reviewing the record as a whole, the court finds that a reasonable jury could return a verdict for the nonmoving party. *Newport News Holdings Corp. v. Virtual City Vision*, 650 F.3d 423, 434 (4th Cir. 2011). In ruling on a motion for summary judgment, a court must view the evidence in the light most favorable to the non-moving party. *Perini Corp. v. Perini Constr., Inc.*, 915 F.2d 121, 123-24 (4th Cir. 1990). The non-moving party may not oppose a motion for summary judgment with mere allegations or denial of the movant's pleading, but instead must "set forth specific facts" demonstrating a genuine issue for trial. Fed. R. Civ. P. 56(e); *see Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986); *Shealy v. Winston*, 929 F.2d 1009, 1012 (4th Cir. 1991). All that is required is that "sufficient evidence supporting the claimed factual dispute be shown to require a jury or judge to resolve the parties' differing versions of the truth at trial." *Anderson*, 477 U.S. at 249.

## IV.     ANALYSIS

A.     <u>The Parties' Arguments</u>

Wilcox Marketing moves for summary judgment on Stuart Pound's claim for damages resulting from mental injuries and lost income/wages. (ECF No. 23 at 1.) First, as to Pound's request for damages for mental injury, Wilcox Marketing argues that there is no evidence to (1) "support Plaintiff's claim that he suffered mental injuries as a result of this accident," (2) "explain how Plaintiff's currently alleged mental injuries differ from his pre-existing mental condition," and (3) "establish that Plaintiff's daily alcohol and marijuana use did not cause Plaintiff's complained of symptoms or, in the alternative, did not exacerbate Plaintiff's symptoms." (*Id.* at

3

6–7.) Moreover, Wilcox Marketing asserts that "Plaintiff's pre-existing mental conditions and 'self-medication' muddy the causation waters in this action and require Plaintiff to produce an expert who can testify that this accident caused or exacerbated Plaintiff's mental injuries." (*Id.* at 7.) In this regard, because Stuart Pound does not have such an expert, Wilcox Marketing concludes that Pound's "claim [for] damages related to his alleged mental injuries, including any medical expenses related to treatment for any mental injuries, fails as a matter of law." (*Id.*)

Wilcox Marketing next argues that Stuart Pound's request for lost income/wages also fails as a matter of law because the claim is based on Pound's speculation and conjecture and is not supported by any discernible evidence. (*Id.* at 8.)

Although he effectively agrees that Wilcox Marketing is entitled to summary judgment on his claim for lost income (*see* ECF No. 25 at 7), Stuart Pound opposes the Motion for Summary Judgment regarding mental and emotional damages. (*E.g.*, ECF Nos. 25 at 6–7, 32 at 7.) Pound asserts that he "is entitled to recover all damages resulting from a defendant's negligent acts, including aggravation of the plaintiff's preexisting condition." (ECF No. 32 at 7 (citing *Watson v. Wilkinson Trucking Co.*, 136 S.E.2d 286 (S.C. 1964)).) Pounds further asserts that a jury could award mental and/or emotional damages based on evidence from (1) Dr. Peter Bailey, who observed that Pound suffered a concussion as a result of the accident; and (2) Chelly Pound, who described "emotional and cognitive harm lasting from the January 2019 wreck up to the October-November-December time period." (*Id.*)

B.     The Court's Review

At the outset, the court observes that the parties agree that Wilcox Marketing is entitled to summary judgment on Stuart Pound's request for lost income/wages. (*See* ECF No. 25 at 7.) As to Pound's claim for emotional distress and/or mental anguish damages, the court observes that in

4

South Carolina personal injury actions, "expert testimony is not necessary to prove negligence or causation so long as lay persons possess the knowledge and skill to determine the matter at issue . . . [and] is not required to prove proximate cause if the common knowledge or experience of a layperson is extensive enough." *O'Leary-Payne v. R.R. Hilton Head, II, Inc.*, 638 S.E.2d 96, 101 (S.C. Ct. App. 2006) (internal and external citations omitted). Moreover, a "plaintiff [i]s entitled to recover all damages proximately resulting from the negligent acts of the defendant, including the aggravation of his pre-existing condition." *Watson v. Wilkinson Trucking Co.*, 136 S.E.2d 286, 291 (S.C. 1964) (citation omitted). "The elements of damage that the jury may properly consider in determining the amount which plaintiff is entitled to recover include loss of earning power, pain and suffering, mental anguish resulting from personal injuries, embarrassment and humiliation, and medical expenses, including any future or prospective damages resulting from permanent injuries not within the speculative realm." *Wright v. Charles Pfizer & Co.*, 253 F. Supp. 811, 814–15 (D.S.C. 1966). "These cannot be determined with certainty, and the monetary value to be placed upon them was a matter resting within the sound judgment of the jury." *Watson*, 136 S.E.2d at 291.

Upon its review, the court observes that it seems very apparent that the parties' dispute regarding Stuart Pound's request for emotional distress and/or mental anguish damages is about the sufficiency of the evidence he presents through the testimony of Dr. Peter Bailey and Chelly Pound. However, not only is it the "province of the jury to determine the credibility of the witnesses and weigh the evidence," *see, e.g.*, *Pringle v. Guild*, 119 F. 962, 965 (D.S.C. 1903) (citation omitted), but, under South Carolina law, "great latitude is allowed in the introduction of evidence to aid in determining the extent of damages; and as a broad general rule, any evidence which tends to establish the nature, character, and extent of injuries which are the natural and

5

proximate consequences of defendant's acts is admissible, if otherwise competent." *Pearson v. Bridges*, 524 S.E.2d 108, 111 (S.C. Ct. App. 1999) (citing *Martin v. Mobley*, 169 S.E.2d 278 (S.C. 1969)). Therefore, in accordance with the aforementioned, the court finds that Wilcox Marketing is not entitled to summary judgment as to Stuart Pound's request for emotional distress and/or mental anguish damages.

## V.     CONCLUSION

Upon careful consideration of the entire record and the parties' arguments, the court hereby **GRANTS IN PART AND DENIES IN PART** Defendant Wilcox Marketing, Inc.'s Motion for Summary Judgment (ECF No. 23). The Motion is granted as to Plaintiff Stuart Pound's request for lost income/wages, but denied as to his request for emotional distress and/or mental anguish damages.

**IT IS SO ORDERED.**

*J. Michelle Childs*
United States District Judge

March 14, 2022
Columbia, South Carolina