# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# COLUMBIA DIVISION

| | |
|---|---|
| Stuart Pound, ) | Civil Action No.: 3:20-cv-02097-JMC |
| Plaintiff, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| Wilcox Marketing, Inc. ) | |
| ) | |
| Defendant. ) | |

This matter is before the court on Plaintiff and Defendant's motions in limine (ECF Nos. 46, 47, 48, 49, 50, 51, 54, and 55). The parties seek to exclude references to certain matters specified within their motions at trial. Considering these matters in turn, the court makes the following rulings regarding their admissibility. For the reasons set forth below, the court:

- **GRANTS** Plaintiff's Second Motion in Limine (ECF No. 46) with respect to any references or evidence related to his failure to file income taxes;
- **GRANTS** Defendant's First Motion in Limine (ECF No. 47) with respect to any references or evidence related to the existence of insurance;
- **GRANTS** Defendant's Third Motion in Limine (ECF No. 49) with respect to any evidence of Plaintiff's alleged lost wages and ability or inability to work;
- **GRANTS** Defendant's Fourth Motion in Limine (ECF No. 50) with respect to any evidence of Chelly Pound's alleged damages;
- **DENIES** without prejudice Defendant's Fifth Motion in Limine (ECF No. 51) with respect to any material or evidence not produced during discovery;
- **DENIES** Defendant's Eighth Motion in Limine (ECF No. 54) with respect to the dash camera footage; and
- **DENIES** without prejudice Defendant's Ninth Motion in Limine (ECF No. 55) with respect to demonstrative evidence,

without requiring a response from the parties.

## I. ANALYSIS

At the outset, the court notes the rulings below are preliminary in nature. Of course, there may be other purposes for which the parties may seek to introduce the evidence referenced in this motion. The court reserves judgment on these issues and may determine at trial that the reasons

for introduction set forth by counsel are valid and render the evidence admissible broadly or for some limited purpose. The court may also give limiting instructions to the jury.

1. **Plaintiff's Motion**

    *A. ECF No. 46*

    **Plaintiff seeks to exclude "evidence relating to [his] failure to file tax returns." (ECF No. 46 at 1.)**

    Evidence related to Plaintiff's failure to file tax returns is irrelevant under Fed. R. Evid. 401 and prejudicial under Fed. R. Evid. 403. Moreover, it is not "of consequence in determining" the issues in this action under Fed. R. Evid. 401(b), and any probative value is substantially outweighed by the danger of confusing and misleading the jury under Fed. R. Evid. 403. The United States Court of Appeals for the Fourth Circuit has also rejected the use of this evidence to attack witness credibility, stating that "failing to file a tax return [is] not probative of character for untruthfulness, and, to the extent that it might be minimally relevant, the marginal relevance [is] substantially outweighed by the danger of confusion of the issues, misleading the jury, and considerations of delay and waste of time under Rule 403." *United States v. Moore*, 498 F. App'x 195 (4th Cir. 2012). Thus, Plaintiff's Motion in Limine (ECF No. 46) is **GRANTED** with respect to any references or evidence related to his failure to file income taxes.

2. **Defendant's Motions**

    *A. ECF No. 47*

    **Defendant seeks to exclude "evidence or testimony concerning insurance or the existence of insurance in this matter." (ECF No. 47 at 1.)**

    Evidence regarding the existence of insurance is specifically inadmissible to prove fault under Fed. R. Evid. 411. While such evidence may be used for a permissible purpose, it is subject to the limitations of Fed. R. Evid. 401, 402, and 403. The Fourth Circuit explained that when the

existence of insurance coverage is disclosed to the jury, there is a risk that the jury "may award damages without fault if aware that there is insurance coverage to pay the verdict." *Langley v. Turner's Exp., Inc.*, 375 F.2d 296, 297 (4th Cir. 1967). Similarly, South Carolina law has long established "that the fact that a defendant is protected by insurance or indemnity bond from liability in an action for damages shall not be known to the jury . . . to avoid prejudice in the verdict, which might result from the jury's knowledge that the defendant will not have to pay it." *Bartell v. Willis Const. Co.*, 190 S.E.2d 461, 463 (S.C. 1972) (citing *Dobson v. Am. Indem. Co.*, 87 S.E.2d 869 (S.C. 1955)). Defendant's insurance policy "is not at issue in this trial and not relevant." *Mears Grp., Inc. v. Kiawah Island Util., Inc.*, No. 2:17-CV-2418-DCN, 2020 WL 509142, at *3 (D.S.C. Jan. 31, 2020). The court therefore excludes evidence of the existence of insurance as irrelevant under Fed. R. Evid. 401 and prejudicial under Fed. R. Evid. 403. Defendant's Motion in Limine (ECF No. 47) is hereby **GRANTED**.

### B. ECF No. 49

**Defendant seeks to exclude "all testimony and/or evidence regarding: (1) Plaintiff's lost wages; (2) Plaintiff's inability to work or perform certain work functions; and (3) Plaintiff's inability to work in the future." (ECF No. 49 at 1.)**

Defendant notes that Plaintiff has already acknowledged he "is not and will not be making a claim for lost wages," and that the court granted Defendant's Motion for Summary Judgment to dismiss Plaintiff's claim for lost income. (ECF No. 49 at 1 (quoting ECF No. 25 at 7).) Under these circumstances, the court agrees that evidence related to Plaintiff's lost wages or ability to work carries a substantial danger of confusing the matters at issue in this trial. Thus, Defendant's Motion in Limine (ECF No. 49) is **GRANTED** with respect to claims related to Plaintiff's lost wages or ability or inability to work.

### C. ECF No. 50

**Defendant seeks to exclude "all evidence of Chelly Pound's alleged damages at trial." (ECF No. 50 at 1.)**

Plaintiff's wife, Chelly Pound, elected to dismiss her claims for loss of consortium and all other claims against Defendant with prejudice. (ECF No. 20 at 1.) The parties stipulated to the dismissal on March 16, 2022. (*Id*.) Plaintiff may not resurrect these claims on the eve of trial. Reference to any injuries or other damages sustained by Plaintiff's wife are therefore excluded as irrelevant under Rule 401, and Defendant's Motion in Limine (ECF No. 50) is **GRANTED**.

### D. ECF No. 51

**Defendant seeks to exclude "all material, witnesses or evidence that was not disclosed, identified and/or produced during discovery and/or was not identified in Plaintiff's Pretrial Disclosures." (ECF No. 51 at 1.)**

Parties are required to disclose evidence they intend to use at trial. No witness testimony can be presented, and no documents or photographs can be referenced in the case unless a proper foundation has been laid and the document has been admitted.

However, the court will not issue a blanket ban on undisclosed documentary evidence because it must balance the interests of fairness to the parties with the interests of justice and the truth-seeking purpose of the federal jury trial. In "exercising its broad discretion to determine whether a nondisclosure of evidence is substantially justified or harmless for purposes of a Rule 37(c)(1) exclusion analysis[1], a district court should be guided by the following factors: (1) the

---

[1] Rule 37(c) deals with discovery sanctions such as the exclusion of evidence that a party intends to present at trial for failure to comply with the disclosure requirements of Rule 26. Fed. R. Civ. P. 37(c). The Fourth Circuit noted that "in relevant part, Rule 37(c)(1) provides that "[a] party that without substantial justification fails to disclose information required by Rule 26(a) or 26(e)(1), or to amend a prior response to discovery as required by Rule 26(e)(2), is not, unless such failure is harmless, permitted to use as evidence at a trial . . . any witness or information not so disclosed." *S. States Rack & Fixture, Inc. v. Sherwin-Williams Co.*, 318 F.3d 592, 595 (4th Cir. 2003) (quoting Fed. R. Civ. P. 37(c)(1)). "The language of Rule 37(c)(1) provides two exceptions to the general

surprise to the party against whom the evidence would be offered; (2) the ability of that party to cure the surprise; (3) the extent to which allowing the evidence would disrupt the trial; (4) the importance of the evidence; and (5) the nondisclosing party's explanation for its failure to disclose the evidence." *S. States Rack & Fixture, Inc. v. Sherwin-Williams Co.*, 318 F.3d 592, 597 (4th Cir. 2003). The court will apply this framework to determine whether any undisclosed evidence of this nature should be excluded. Similarly, the court will apply the four-factor framework provided in *Sherwin-Williams*, 318 F.3d at 597, to determine whether the testimony of a previously undisclosed witness will be sanctioned and excluded. Defendant's Motion in Limine (ECF No. 51) is hereby **DENIED** without prejudice.

### E. ECF No. 54

**Defendant seeks to exclude "the dash camera video from evidence or for use at trial for any purpose." (ECF No. 54 at 1.)**

Defendant "admits that Officer Muhondro has the capacity, as an eyewitness, to testify as to what he witnessed when the accident occurred." (ECF No. 54 at 2.) However, Defendant contends that the footage should be excluded because Plaintiff has not established a chain of custody in downloading the video and "no one has been identified to authenticate that the dash camera footage's graphics, pixels, or other technical components were not inadvertently altered while it was downloaded, stored and/or produced nor to authenticate that the entire footage was produced." (*Id.*) A proponent of evidence must "produce evidence sufficient to support a finding that the item is what the proponent claims it is." Fed. R. Evid. 901(a). However, "the burden to authenticate under Rule 901 is not high," *United States v. Recio*, 884 F.3d 230, 236 (4th Cir. 2018)

---

rule excluding evidence that a party seeks to offer but has failed to properly disclose: (1) when the failure to disclose is 'substantial[ly] justifi[ed],' and (2) when the nondisclosure is 'harmless.'" *Sherwin-Williams Co.*, 318 F.3d at 596.

(citing *United States v. Hassan*, 742 F.3d 104, 133 (4th Cir. 2014)), and chain of custody is not required to authenticate video evidence. *See, e.g.*, *United States v. Pinke*, 614 F. App'x 651, 653 (4th Cir. 2015) (Video evidence sufficiently authenticated by prison employee's testimony explaining he responded to the assault, witnessed a nurse videotaping the victim's injuries, and the video depicted injuries that were consistent with his recollection). Indeed, in the one case Defendant cites to for support, the Fourth Circuit explained "precision in developing the 'chain of custody' is not an iron-clad requirement, and the fact of a missing link does not prevent the admission of real evidence, so long as there is sufficient proof that the evidence is what it purports to be and has not been altered in any material aspect." *United States v. Howard-Arias*, 679 F.2d 363, 366 (4th Cir. 1982) (citations omitted). Defendant's Motion in Limine (ECF No. 54) is therefore **DENIED**.

F. ECF No. 55

**Defendant seeks to exclude "all demonstrative exhibits, videos, animations, drawings or other evidence depicting and/or demonstrating Plaintiff's alleged injuries, depicting how Plaintiff's body interacted with his vehicle during the accident, and/or depicting how Plaintiff's various body parts moved during the accident." (ECF No. 55 at 1.)**

Defendant argues that to date, such evidence has not been identified or disclosed by Plaintiff. (*Id.* at 1.) Demonstrative evidence is generally permitted at trial, and the court declines to rule on the admissibility of unspecified or hypothetical evidence at this time. For example, the Supreme Court of South Carolina has held that "a computer-generated video animation is admissible as demonstrative evidence when the proponent shows that the animation is (1) authentic under Rule 901, SCRE; (2) relevant under Rules 401 and 402, SCRE; (3) a fair and accurate representation of the evidence to which it relates, and (4) its probative value substantially outweighs the danger of unfair prejudice, confusing the issues, or misleading the jury under Rule

403, SCRE." *Clark v. Cantrell*, 529 S.E.2d 528, 536 (S.C. 2000). The court "should consider whether the proponent disclosed the animation and underlying data within a reasonable period of time before trial," although "[u]ntimely disclosure should not, standing alone, necessarily result in exclusion." *Id.* On objection, the court will determine whether the evidence at issue is relevant under Fed. R. Evid 401 and not prejudicial under Fed. R. Evid. 403, applying the appropriate framework to conclude if the demonstrative evidence will be excluded. Defendant's Motion in Limine (ECF No. 55) is therefore **DENIED** without prejudice at this stage.

## II. CONCLUSION

For the foregoing reasons, the court:

- **GRANTS** Plaintiff's Second Motion in Limine (ECF No. 46) with respect to any references or evidence related to his failure to file income taxes;
- **GRANTS** Defendant's First Motion in Limine (ECF No. 47) with respect to any references or evidence related to the existence of insurance;
- **GRANTS** Defendant's Third Motion in Limine (ECF No. 49) with respect to any evidence of Plaintiff's alleged lost wages and ability or inability to work;
- **GRANTS** Defendant's Fourth Motion in Limine (ECF No. 50) with respect to any evidence of Chelly Pound's alleged damages;
- **DENIES** without prejudice Defendant's Fifth Motion in Limine (ECF No. 51) with respect to any material or evidence not produced during discovery;
- **DENIES** Defendant's Eighth Motion in Limine (ECF No. 54) with respect to the dash camera footage; and
- **DENIES** without prejudice Defendant's Ninth Motion in Limine (ECF No. 55) with respect to demonstrative evidence,

without requiring a response from the parties.

**IT IS SO ORDERED.**

*J. Michelle Childs*
United States District Judge

May 27, 2022
Columbia, South Carolina

7