IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | | |
|---|---|---|
| Stuart Pound, ) | | Civil Action No.: 3:20-cv-02097-JMC |
| Plaintiff, ) | | |
| ) | | |
| v. ) | | **ORDER** |
| ) | | |
| Wilcox Marketing, Inc. ) | | |
| ) | | |
| Defendant. ) | | |
| _____) | | |

This matter is before the court on Plaintiff and Defendant's motions in limine (ECF Nos. 45, 48, 52, and 53). The parties seek to exclude references to certain matters specified within their motions at trial. Considering these matters in turn, the court makes the following rulings regarding their admissibility. For the reasons set forth below, the court:

- **GRANTS IN PART and DENIES IN PART** Plaintiff's Motion in Limine to exclude evidence of Plaintiff's marijuana and alcohol consumption (ECF No. 45);
- **GRANTS** Defendant's Motion in Limine to Exclude Dr. Shissias from Testifying at Trial (ECF No. 48); and
- **GRANTS IN PART and DENIES IN PART** Defendant's Motion in Limine to Exclude Any Evidence of Future Damages (ECF No. 52) and Defendant's Motion in Limine to Exclude Testimony Regarding Permanent Injury (ECF No. 53).

## I.    ANALYSIS

At the outset, the court notes the rulings below are preliminary in nature. Of course, there may be other purposes for which the parties may seek to introduce the evidence referenced in this motion. The court reserves judgment on these issues and may determine at trial that the reasons for introduction set forth by counsel are valid and render the evidence admissible broadly or for some limited purpose. The court may also give limiting instructions to the jury.

1

1. <u>**Plaintiff's Motion**</u>

   A. *ECF No. 45*

**Plaintiff seeks to exclude "any testimony or other evidence pertaining to Plaintiff Stuart Pound's history of alcohol consumption and marijuana consumption." (ECF No. 45 at 1.)**

Plaintiff asserts evidence of drug and alcohol use, which suggests that Plaintiff's impairment or intoxication contributed to the accident is irrelevant and should be excluded. (*Id.* at 2.) In support, Plaintiff posits that there is no evidence that he consumed marijuana or alcoholic beverages the morning of the accident, or that he was impaired or otherwise under the influence at the relevant time. (*Id.*) While Plaintiff does not remember "whether or not he smoked marijuana" the day before the accident, he argues that no marijuana was found on the scene and thus far, no evidence of his impairment at the time of the collision has been presented. (*Id.*) Plaintiff acknowledges he may have consumed prescription Tramadol that morning, but asserts there is no evidence it "could or did [a]ffect [Plaintiff's] judgment or response time." (*Id.*) Under these circumstances, Plaintiff argues this evidence is irrelevant pursuant to Fed. R. Evid. 401.

Defendant concedes some fault in the accident, but disagrees with the "alleged severity, duration, causation, nature, permanency and effect of Plaintiff's alleged damages and injuries." (ECF No. 78 at 1-2) (admitting negligence but emphasizing that damages are the central issue in this case, including the severity and permanence of Plaintiff's mental and cognitive injuries, given his substantial and lengthy history of self-medication for anxiety with marijuana, and alcohol "and his subsequent return to his baseline after his treatment for this accident").

The court recognizes that evidence indicating Plaintiff consumed alcohol or illicit drugs in the past, even if done habitually, is prejudicial to Plaintiff and could confuse or mislead the jury on the contributing causes of the accident. Thus, without objection, Plaintiff's Motion in Limine

is **GRANTED** with regard to evidence of fault which implies Plaintiff's prior use of alcohol or marijuana contributed to the accident.

Plaintiff also argues that evidence of his substance use should be excluded "for the purposes of arguing these substances caused or contributed to" his injuries. (*Id*. at 4.) Plaintiff specifically seeks to bar Defendant's use of this evidence to present an alternate cause of Plaintiff's alleged cognitive difficulties and memory loss in the wake of the accident. (*Id*.) This argument appears to focus primarily on specific excerpts from the deposition testimony of Plaintiff's treating physician and expert witness Dr. Peter Bailey, whom defense counsel asked about the cognitive effects of marijuana, alcohol, and Tramadol.[1] (ECF No. 45 at 5-6.) Plaintiff argues this testimony should be excluded because the questions were not properly phrased as hypotheticals supported by evidence upon which an expert witness may opine. (*Id*.) Moreover, these observations appeared to be unrelated to Plaintiff's actual substance use and specific injuries. (*Id*. at 6.) Plaintiff reiterates that the highly prejudicial nature of this evidence requires its exclusion. Defendant counters that evidence of Plaintiff's consistent history of marijuana and alcohol use, especially for self-medicating anxiety, pain, and other conditions that he claims were exacerbated by the

---

[1] During the deposition of Dr. Peter Bailey, defense counsel asked the following questions:

> Q:   How would the use of marijuana every day affect somebody's memory?
> A:   That could possibly affect memory. Again, I think I only have, like, two UDSs showing it, so I can't say anything about how much or how often.
>
> Q:   Could -- the use of alcohol every day, could that impair someone's memory?
> A:   I believe it could affect someone's memory. But I can't speak as to whether he did or did not.
>
> Q:   How could the prolonged use of tramadol affect somebody's memory?
> A:   I think that it's probably unlikely to have a very significant effect.

(ECF No. 45 at 5-6.)

accident, is relevant to help the jury assess the nature, extent, and permanence of his injuries. Defendant points to evidence demonstrating that "Plaintiff has returned to the same daily use of drugs and alcohol to cope with his physical pain and anxiety" and "has returned to his baseline based upon [his wife's] observations." (ECF No. 78 at 4.)

Under Fed. R. Evid. 401, evidence is deemed relevant if: "(a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action." Fed. R. Evid. 401. Rule 403 provides "[t]he court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403.

The court agrees with Defendant's contention that Plaintiff's self-admitted, lengthy history of marijuana and alcohol consumption, ostensibly to self-treat the same mental conditions at issue in this case, is "of consequence" to the finder of fact. It would be difficult (if not impossible) for the jury to determine the true effect of the accident on Plaintiff's mental and physical health if it could not consider Plaintiff's pre-existing health conditions and the effect of various prescribed and self-administered drugs upon them. The court recognizes the significant potential for prejudice here, especially as it pertains to Plaintiff's frequent consumption of illicit marijuana and alcohol. Yet, all evidence is potentially prejudicial, and in this case, the court does not believe the danger of prejudice "substantially outweighs" the relevance of these important health-related facts. Fed. R. Evid. 403. Out of an abundance of caution, the court will balance the prejudicial effect of this evidence through limiting instructions, to ensure any testimony regarding marijuana and alcohol is only used for the purpose of determining the severity, duration, and permanence of Plaintiff's claimed injuries.

Turning to Plaintiff's argument to exclude Dr. Bailey's deposition testimony, the court finds Defendant's questions merely inquired about the effects of the *daily* consumption of these substances and were not placed in the context of Plaintiff's actual frequency of use. In general, "alternative causes [of injury] suggested by a defendant 'affect the weight that the jury should give the expert's testimony and not the admissibility of that testimony,' unless the expert can offer "*no* explanation for why she has concluded [that an alternative cause offered by the opposing party] was not the sole cause." *Westberry v. Gislaved Gummi AB*, 178 F.3d 257, 265 (4th Cir. 1999) (citations omitted). This evidence must conform to the rules governing expert testimony. It is well-settled, for example, that an expert can answer hypothetical questions and offer opinions not based on first-hand knowledge because his opinions presumably "will have a reliable basis in the knowledge and experience of his discipline." *Certain Underwriters at Lloyd's, London v. Sinkovich*, 232 F.3d 200, 203 (4th Cir. 2000) (citing *Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579, 592 (1993)). In these cases, however, the facts upon which the hypothetical opinion is based "must be established by independent evidence properly introduced." *Newman v. Hy-Way Heat Sys., Inc.*, 789 F.2d 269, 270 (4th Cir. 1986) (citing *Logsdon v. Baker,* 517 F.2d 174 (D.C. Cir. 1975)). More generally, an expert's opinion must be "sufficiently reliable to assist the trier of fact in understanding the evidence or determining a fact at issue," stemming from "specialized *knowledge* and not on belief or speculation, and inference[s] . . . derived using scientific or other valid methods." *Am. Strategic Ins. Corp. v. Scope Servs., Inc.*, No. CV PX-15-2045, 2017 WL 4098722, at *4 (D. Md. Sept. 15, 2017) (citing *Oglesby v. General Motors Corp.*, 190 F.3d 244, 249–50 (4th Cir. 1999)). "Expert testimony rooted in subjective belief or unsupported speculation does not suffice." *Zuckerman v. Wal-Mart Stores E., L.P.*, 611 F. App'x 138, 138 (4th Cir. 2015) (quoting *Daubert*, 509 U.S. at 590) (internal quotation marks omitted).

Here, Dr. Bailey qualified his answers by saying he could not opine on Plaintiff's actual consumption of marijuana and alcohol. (*Id*. at 5-6.) These questions were not buttressed by factual evidence of Plaintiff's substance use. Defendant's question regarding the effects of the "prolonged use of Tramadol" is somewhat more tailored to the record, because Plaintiff had a prescription for the drug "for many years." (*Id*. at 5, 1.) Yet, it still does not cite specific facts from Plaintiff's prescription history and is too general in scope.[2] By now, however, at least some evidence of Plaintiff's history of marijuana, alcohol, and Tramadol consumption has been established through discovery and deposition testimony, and constitutes a part of the record in this case. Therefore, defense counsel can question Dr. Bailey at trial based upon this record and his knowledge and experience as an expert witness. Moreover, defense counsel may call into question Dr. Bailey's expert opinions to the extent they conflict with the facts, including Plaintiff's use of these substances. *See Oglesby,* 190 F.3d at 250.

Accordingly, Plaintiff's Motion in Limine (ECF No. 45) is **DENIED** with respect to evidence of Plaintiff's drug and alcohol use as it pertains to Plaintiff's injuries, including the severity and permanence of his claimed damages in this case. As stated, the court will issue a limiting instruction to ensure this evidence is used only for the permissible purposes outlined in this Order.

---

[2] The court emphasizes that it is not proper for a party to pose general questions to an expert regarding the effects of drug use which is not supported by the record. Such bare questions amount to unsupported insinuations which may confuse the issues in the case or prejudice the jury.

### B.  ECF No. 48

**Defendant seeks to exclude all testimony, records, and bills from Dr. Shissias "in any capacity."  (ECF No. 48 at 1.)**

Defendant argues that this Motion falls in line with its earlier Motion to Exclude testimony from Dr. Shissias (ECF No. 22), which the court denied as moot after Plaintiff withdrew Dr. Shissias as a witness.  (*Id*. at 1 (citing ECF No. 36).)  The court recognizes that the parties resolved the matter by agreeing to exclude any testimony from Dr. Shissias at trial.  (*See* ECF No. 68 at 1.)  Thus, Defendant's Motion (ECF No. 48) is **GRANTED**.

### C.  ECF Nos. 52 & 53

The court turns to Defendant's Motion in Limine to Exclude Evidence of Future Damages (ECF No. 52) and Defendant's Motion in Limine to Exclude Testimony Regarding Permanent Injury (ECF No. 53).  Defendant seeks to exclude "any evidence at trial that he is entitled to future damages, including but not limited to future emotional and mental injuries" because he has not previously presented evidence to support his claim for future damages.  (ECF No. 52 at 1–2.)  Defendant also asks the court to prevent and/or exclude "any testimony regarding whether Plaintiff sustained a permanent injury as a result of this subject motor vehicle accident, because there is no evidence to support Plaintiff's claim that he has been permanently injured."  (ECF No. 53 at 1.)  Plaintiff responds that he will not be offering evidence of future medical care, but he does intend to present testimony regarding his ongoing heightened anxiety and worry since the collision. (ECF No. 67 at 1.)  Additionally, Plaintiff cites to specific deposition testimony from himself and his wife, Chelly Pound, regarding his mental health.  (*Id.* at 1–2.)  The court observes that, during his deposition, Plaintiff testified that the physical injuries to his back, arm, and shoulder had healed, but that he continues to hear ringing in his ears and suffer emotional distress from the collision.  (ECF No. 53-1 at 12–14.)

A motion in limine should be granted only when the evidence is clearly inadmissible on all potential grounds. *E.g.*, *Jenkins v. Chrysler Motors Corp.*, 316 F.3d 663, 664 (7th Cir. 2002); *United States v. Verges*, No. 1:13-cr-222 (JCC) 2014 WL 559573, at *3 (E.D. Va. Feb. 12, 2014). Further, Plaintiff is permitted to attest to his own injuries. *See, e.g.*, *Benjamin v. Shaw*, No. 4:15-cv-05110-RBH, 2017 WL 3205798, at *7 (D.S.C. July 28, 2017) (Plaintiff met burden of proof regarding injuries through lay testimony of his mother). The court finds that testimony regarding Plaintiff's injuries is relevant and is not excluded under Federal Rules of Evidence 401, 402, or 403. Accordingly, Defendant's Motion in Limine to Exclude Any Evidence of Future Damages (ECF No. 52) and Defendant's Motion in Limine to Exclude Testimony Regarding Permanent Injury (ECF No. 53) are both **GRANTED** without objection as to evidence of future medical care expenses and **DENIED** as to testimony regarding the ringing in Plaintiff's ears and Plaintiff's emotional and mental injuries.

## II.     CONCLUSION

For the foregoing reasons, the court:

- **GRANTS IN PART and DENIES IN PART** Plaintiff's Motion in Limine to exclude evidence of Plaintiff's marijuana and alcohol consumption (ECF No. 45);
- **GRANTS** Defendant's Motion in Limine to Exclude Dr. Shissias from Testifying at Trial (ECF No. 48); and
- **GRANTS IN PART and DENIES IN PART** Defendant's Motion in Limine to Exclude Any Evidence of Future Damages (ECF No. 52) and Defendant's Motion in Limine to Exclude Testimony Regarding Permanent Injury (ECF No. 53).

**IT IS SO ORDERED.**

*J. Michelle Childs*
United States District Judge

June 3, 2022
Columbia, South Carolina